UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WILLIAMS,

                       Petitioner,        Case No. 2:17-cv-10785

                                            HONORABLE STEPHEN J. MURPHY, III

v.

CONNIE HORTON,

                       Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S
MOTION TO DISMISS [11], DENYING PETITION FOR
WRIT OF HABEAS CORPUS [1], DENYING A CERTIFICATE OF
APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Terry Williams brought a habeas petition under 28 U.S.C. § 2254. Williams was convicted after a 2007 trial in the Wayne Circuit Court of first-degree home invasion, Mich. Comp. Laws § 750.110a; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; felonious assault, Mich. Comp. Laws § 750.82; killing an animal, Mich. Comp. Laws § 750.50b; and felony committed with a firearm, Mich. Comp. Laws § 750.227b. After successfully appealing his sentence, the trial court entered an amended judgment of sentence on October 18, 2016, sentencing Williams to terms of 195 to 480 months for the home invasion conviction, 60 to 120 months for the felon in possession conviction, 50 to 96 months for the assault conviction, 50 to 96 months for the killing an animal conviction, and a consecutive 60 months for the felony-firearm conviction.

Williams's pro se petition raises four claims: (1) Williams was erroneously sentenced as a third-time habitual felony offender; (2) the prosecutor did not follow the correct

procedure in filing the habitual felony offender notice; (3) Williams's enhanced sentence is cruel and unusual in violation of the Eighth Amendment; and (4) the trial court never entered a valid judgment of sentence.

On September 13, 2017, Respondent filed a motion to dismiss the petition claiming that Williams failed to exhaust his state court remedies. Williams responded that he is not required to exhaust his claims because available state court remedies are ineffective and because he is challenging the execution of his sentence rather than its validity.

The Court finds that the factual basis underlying Petitioner's habeas claims was presented to the state courts in his appeal of right from his convictions, and that the state court's rejection of that basis demonstrates that Williams's habeas claims are without merit. The motion to dismiss on exhaustion grounds will therefore be denied, and the petition will instead be denied on the merits. The Court will also deny Petitioner a certificate of appealability and deny permission to proceed on appeal in forma pauperis.

## BACKGROUND

Williams's multiple filings in both state and federal courts created a labyrinthine procedural history. Williams's unclear pro se pleadings further complicate matters.

The Court presumes that factual determinations made by the Michigan Court of Appeals are correct. 28 U.S.C. § 2254(e)(1); see *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009). The state appellate court determined that Williams entered another's home, while armed with a gun, and shot the homeowners' dog. *People v. Williams*, No. 280428, 2009 WL 563907, at *1 (Mich. Ct. App. March 5, 2009).

Following his conviction, Williams filed a direct appeal raising six claims: (1) Williams's trial counsel was ineffective for failing to challenge the warrantless search, (2)

the trial court's instructions on first-degree home invasion and felonious assault were erroneous, (3) Williams was erroneously sentenced as a third-time habitual felony offender, (4) the sentencing guidelines were erroneously scored to reflect three prior crimes against a person, (5) the victims' identification testimony should have been suppressed, and (6) the bind-over to trial was defective. The third claim—erroneous sentence as a third-time offender—undergirds Williams's habeas petition.

The Michigan Court of Appeals affirmed the convictions, but it remanded the case to the trial court for resentencing based on Williams's claim that he was erroneously scored too many points on the sentencing guidelines for having three prior crimes against a person within a five-year period. *Id.*, at *6. The Court agreed with Williams that one of the prior offenses used as a predicate for the habitual offender charge related to a different person. *Id.* at *3. Nevertheless, in light of two other prior felony offenses, the state appellate court found that Williams was a third-felony habitual offender. *Id.*

On May 13, 2010, Williams filed his first federal habeas asserting six claims. No. 2:10-cv-11939, ECF 1. Williams also filed a motion to stay the petition while he completed his state court appeal from his resentencing proceeding. *Id.*, ECF 2. The Court granted the motion and administratively closed the case while Williams pursued his state court appeal. *Id.*, ECF 3. On remand, the trial court resentenced Williams to the terms indicated above, with the exception that it mistakenly set the maximum 8-year terms for the assault and killing an animal convictions offenses at 98 months instead of 96 months.

Williams appealed from his resentencing. The Michigan Court of Appeals rejected his claims, but remanded the case to the trial court: "for the ministerial task of correcting the sentences for felonious assault and killing an animal to reflect a maximum sentence of

96 months." *People v. Williams*, No. 297588, 2011 WL 3130271, at *7 (Mich. Ct. App. July 26, 2011). Williams filed an application for leave to appeal to the Michigan Supreme Court, but it was denied. *People v. Williams*, 491 Mich. 854 (2012).

On July 19, 2012, Williams moved to lift the stay of his federal habeas case and filed an amended petition. The Court ordered the case reopened and interpreted the amended petition as raising six claims. No. 2:10-cv-11939, ECF 13; *Id.*, ECF 26, PgID 1512–13. Respondent then filed a responsive pleading. *Id.*, ECF 20.

On January 13, 2015, Williams filed a second motion to stay his federal habeas case on the grounds that he had newly-discovered evidence supporting a claim that the prosecutor suppressed evidence related to a gunshot residue test. *Id.*, ECF 26, PgID 1513. The Court granted the motion, and the case was once again stayed. *Id.*, ECF 26.

On June 11, 2015, Williams filed a motion for relief from judgment in the state trial court, raising new claims challenging his convictions. ECF 12-11. The trial court denied the motion on November 13, 2015, and Williams appealed. On September 28, 2016, the Michigan Court of Appeals denied leave to appeal. ECF 12-21. Williams appealed that order to the Michigan Supreme Court, and that appeal remains pending. ECF 26.

Meanwhile, the state trial court had not acted upon the 2011 Michigan Court of Appeals order to correct Williams's sentence. Finally, on October 18, 2016, the trial court issued an amended judgment of sentence, reducing the maximum terms for the felonious assault and killing an animal convictions from 98 months to 96 months. ECF 1, PgID 14. Williams did not attempt to file an appeal in the state courts from the amended judgment of sentence. Here, respondent's motion to dismiss the petition contends that to the extent the present habeas petition seeks to challenge the amended sentence, Williams has not

4

exhausted his state court remedies. Williams responds that it was necessary for him to raise these claims in a new petition because he is now being held in custody by virtue of the new amended October 18, 2016, judgment of sentence.

Nevertheless, on May 15, 2017, Williams filed a third habeas petition with the Court. No. 2:17-cv-11547. Williams's petition appeared to constitute an amendment to his 2010 petition and a request to reopen the case. *Id.*, ECF 34. The Court reopened the 2010 case. *Id.*, ECF 32. Respondent, on the other hand, interprets the third habeas petition as directly challenging the prior expired sentence, and on September 18, 2017, it filed a motion to dismiss the amended petition in Case No. 2:10-cv-11939 on the grounds that Williams is no longer in custody under the prior convictions. *Id.*, ECF 40.

## DISCUSSION

Respondent argues in its motion to dismiss that Williams failed to exhaust his state court remedies regarding the amended sentence by not filing an appeal. Williams replies that his claims should be deemed exhausted because it would be futile to attempt to exhaust state remedies. He also argues that his petition challenges the execution of his sentence rather than its validity, and therefore there is no need to exhaust his claims. The Court need not address these arguments.

Habeas petitioners ordinarily must exhaust available state remedies before presenting their claims to a federal court in a habeas corpus petition. 28 U.S.C. § 2254(b)(1); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion rule, however, is not a jurisdictional requirement. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). Courts may deny a habeas petition on the merits despite the petitioner's failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(2).

5

Williams's claims do not warrant habeas relief. The Court therefore excuses any failure to exhaust state remedies and address the merits of Williams's claims.

Williams challenged his designation as a third-time habitual felony offender in his appeal of right, but the Michigan Court of Appeals rejected the claim because the trial record established that he was a third-felony habitual offender. *Williams*, 2009 WL 563907, at *3. To the extent the Michigan Court of Appeals adjudicated at least some of Williams's claims on the merits, the Court's authority "to issue habeas corpus relief . . . is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Pursuant to § 2254, the Court may grant a state prisoner's application for a writ of habeas corpus only if the state court's adjudication of the prisoner's claims on the merits was contrary to, or involved an unreasonable application of, clearly established Supreme Court law. 28 U.S.C. § 2254(d).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Williams's first claim asserts that a non-existent 2005 felonious assault was counted as a prior offense to support his third-time habitual offender designation. The Michigan Court of Appeals found that Williams was a third-felony habitual offender notwithstanding the prosecutor's concededly mistaken reliance on a different conviction. That court's factual

finding is presumed correct unless Williams offers clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Williams does not attempt to contest the existence of the two other felony convictions identified by the state appellate court, but continues to complain about the inclusion of the 2005 felonious assault. Williams has failed to demonstrate that he was erroneously sentenced as a third-time habitual felony offender. His first claim is without merit.

Williams next argues that he lacked adequate notice of being sentenced as a habitual offender because the prosecutor failed to comply with the requirements of Mich. Comp. Laws § 769.13. Habitual offender notice requirements contemplate two dates for measuring the timeliness of the notice filing: (1) "21 days after the defendant's arraignment on the information charging the underlying offense" or (2) "if arraignment is waived, within 21 days after the filing of the information charging the underlying offense." Mich. Comp. Laws § 769.13.

Here, at the beginning of the preliminary examination in the state district court, the court informed Williams that he was charged with being a third-time habitual offender. ECF 12-2, PgID 78. The notice was provided before any state circuit court proceedings. Williams, therefore, had notice of the habitual offender charge before either of the statutorily required dates. Subsequently, Williams's trial attorney challenged the contents of the habitual felony offender information at a pretrial hearing. ECF 12-4, PgID 127–28. Accordingly, Williams has failed to demonstrate that the prosecutor failed to comply with the notice requirements. Rather, the record supports a determination that Williams was timely notified of the habitual offender designation.

Williams further alleges that he was denied due process for failure to receive notice

that a trial on a substantive criminal charge will establish an habitual offender charge. Due process does not require advance notice of that fact. Due process requires only that a defendant be given reasonable notice and an opportunity to be heard relative to the habitual offender charge. *Oyler v. Boles*, 368 U.S. 448, 452 (1962). Williams received reasonable notice and an opportunity to be heard regarding the habitual offender charge. In fact, his challenge was heard by the Michigan Court of Appeals which struck the erroneous information regarding the felonious assault case. Thus, Williams has not established that he was denied due process.

Next, Williams claims that his sentence is cruel and unusual in violation of the Eighth Amendment. A sentence within the statutory maximum does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Moreover, the United States Constitution does not require strict proportionality between a crime and its punishment. *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Id.*; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (asserting gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 30 (2003) (finding principle applies only in "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality"). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Williams was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Williams's sentence, therefore, does not present the extraordinary

case that violates the Eighth Amendment's ban of cruel and unusual punishment.

Finally, Williams asserts that there has never been a valid judgment of sentence entered in his case. ECF 1, PgID 2. Williams does not elaborate on this claim or explain why his judgment of sentence is invalid apart from the above-discussed claims. Generally, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997). Williams's final claim is insufficiently developed to merit review. In any event, the October 18, 2016, amended judgment of sentence was entered in accordance with the order by the Michigan Court of Appeals. The claim is without merit.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Williams's claims are without merit. The Court therefore declines to issue a certificate of appealability. Moreover, the Court will deny leave to proceed in forma pauperis on appeal because an appeal of this decision would be frivolous. 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE**, it is **HEREBY ORDERED** that Respondent's motion to dismiss [11]

is **DENIED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: October 18, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 18, 2017, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager